UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Ronnie Cole,

                                        Plaintiff,                          **Hon. Hugh B. Scott**

                                                                            08CV699A

                            v.                                              Report
                                                                              &
                                                                            Recommendation

Brian Fischer, et al.,

                                        Defendants.

_____

        Before the Court is the plaintiff's motion for partial summary judgment (Docket No. 26).

The motion should be denied without prejudice as premature.

        The plaintiff, Ronnie Cole, commenced this action alleging that his rights under 42

U.S.C. § 1983 were violated because he was asked by a corrections officer to make a donation to

the correction officer's church; that he was wrongly convicted of a misbehavior report for

possession of a CD player in his cell; and that he has been otherwise harassed by various

corrections officers.  The plaintiff names 14 individuals as defendants in this action: Brian

Fischer, Robert Kirkpatrick, Susan Shcumacher, Thomas Stich, D. Venettozzi, Karen Bellamy,

R. Shroder, Michael J. Skelly, D. McGuire, Molloy, Miran Hodge, R. Mehnert, B. Trotter and D.

Nixon. All but Hodge have appeared and filed answers in this matter.[1]

_____

        [1]  The Attorney General's Office is investigating the existence of a conflict with respect
to the representation of Hodge in this matter.  Hodge has been granted an extension, until August
7, 2009, to answer or otherwise move against the complaint in this matter.

In the instant motion, the plaintiff seeks partial summary judgment with respect to his claim that he was denied due process in connection with a disciplinary hearing held on charges that Cole was improperly in possession of contraband, a CD player. Cole contends that Hodge brought the CD player in so that Cole could listen to religious sermons. (Docket No. 12 at ¶40). Cole further contends that he requested various documents to be used to mount a defense to the contraband charge (i.e. cell search slip, log book). According to the plaintiff, although the hearing officer stated he would provide these documents to Cole, they were not produced. Subsequently, Cole was found guilty of the disciplinary violation. The plaintiff contends that his due process rights were violated because of the failure to produce the requested documents; the failure of the hearing officer to provide an explanation for the conclusion he reached; and because there is no evidence to support his conviction. (Docket No. 27 at pages 3-4). The plaintiff seeks partial summary judgment against all 14 defendants.

The defendants' assert that the motion is premature inasmuch as one of the defendants (Hodge) has not yet filed an answer to the complaint, and that this case is in the initial stage of discovery. (Docket No. 33 at ¶ 5). The Court notes that no scheduling order has yet been issued in this case pending resolution of the representation issue involving defendant Hodge. Further, the plaintiff has issued various discovery requests, to which the defendants are in the process of responding.[2] The defendants request that the motion be stayed pending discovery.

For the reasons asserted by the defendants, the instant motion for partial summary judgment is premature. While Fed.R.Civ.P. 56(a) permits a plaintiff to move for summary

---

[2] The Court has granted the defendants an extension to August 7, 2009 to respond to the pending discovery requests.

judgment at any time after 20 days have passed since the plaintiff commenced the action, courts should ordinarily afford the opponent a reasonable opportunity to conduct discovery before entertaining such a motion. <u>Patton v. General Signal Corp.</u>, 984 F.Supp. 666, 670 (W.D.N.Y.1997) ("pre-discovery summary judgment remains the exception rather than the rule"); <u>Middle East Crisis Response v. City of Kingston</u>, 2008 WL 5234320 (N.D.N.Y. 2008) (same). It is recommended that the motion for partial summary judgment be denied without prejudice, as prematurely filed at this time.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d. Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **<u>Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.</u>**

So Ordered.

                            */s/ Hugh B. Scott*
                            United States Magistrate Judge
                            Western District of New York

Buffalo, New York
July 10, 2009