```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONNIE COLE, 91-A-9212,

              Plaintiff,                08-CV-699A(Sc)

     -vs-

FISCHER, KIRKPATRICK, SCHUMACHER,
STICH, VENETOZZI, BELLAMY,
SHRODER, SKELLY, MALLOY, MCGUIRE,
HODGES, MEHNERT, TROTTER and
NIXON,
              Defendants.
_____
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

ANDREW M. CUOMO
Attorney General of the
 State of New York
Attorney for Defendants (with the
exception of Hodges)
BY:
S/Michael J. Russo
MICHAEL J. RUSSO
Assistant Attorney General
 of Counsel
350 Main Street
Main Place Tower, Suite 300A
Buffalo, New York 14202
(716) 853-8479

## **PRELIMINARY STATEMENT**

This memorandum is submitted in support of the motion for partial summary judgment brought by the defendants (with the exception of Hodges, who is represented by his own counsel) (the "Defendants"), and in opposition to the Plaintiff's motion for partial summary judgment.

## **BACKGROUND**

Plaintiff was issued a misbehavior report, dated May 14, 2008, for possessing contraband and smuggling, which misbehavior report is included in Exhibit A to the Caraseli Declaration, submitted herewith.  It is not disputed that contraband items were loctaed in Plaintiff's cell on May 14, 2008, i.e., a CD Player with headphones and one disc.  On that date, Plaintiff met with Sgt. Lambert in his cell, and revealed to him that he was in possession of contraband items. See Exh. B to Caraceli Declaration, pp. 18-24, who left it there because he was aware that it was part of an on-going investigations. Id., pg. 26.   Later that day, Plaintiff met with Investigator Hudson from DOCS Inspector General's Office at the Wende Correctional Facility in connection with allegation Plaintiff had previously made against C.O. Hodges, who Plaintiff alleged was attempting to extort money from him.  During that meeting Plaintiff, Investigator advised Hudson that Plaintiff had been given the contraband items by C.O. Hodges on May 11, 2008, and that the items remained in his cell.

Although Plaintiff now asserts that the items were "planted" in his cell by Hodges, see par. 4 of Plaintiff's October 4, 2009 affidavit, this new assertion lacks any credibility due to the fact that Investigator Hudson testified at the Tier III hearing that he was told by inmate Cole on May 14, 2008 that C.O. Hodges had given the contraband items to the Plaintiff, see Exhibit B, pg. 12-13, which testimony Plaintiff did not take issue with at the hearing, and because

Plaintiff's own complaint asserts that he could not be guilty of smuggling (moving contraband within a facility) because the contraband items had been "presented to the plaintiff" by Hodges, not planted. It is clear from the Plaintiff's own statements to Investigator Hudson and his Complaint that Plaintiff had received the contraband at least a few days before May 14, 2008, that he acknowledged to Investigator Hudson and Sergeant Lambert on that date that he had possession of contraband items in his cell, and that he had maintained possession of contraband items surreptitiously in his cell for at least a few days.

## ARGUMENT

### POINT I

**THE PLAINTIFF WAS AFFORDED SUFFICIENT DUE PROCESS AT HIS DISCIPLINARY PROCEEDING.**

Where an inmate disciplinary hearing may result in the loss of a protected liberty interest, due process requires that the inmate be afforded certain minimal procedural protection in the prison setting, including (1) advance notice of the charge; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in defense of the charge; (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action; and (4) support for the findings "by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 445 (1985).

Assuming *arguendo* that the Plaintiff had a protected "liberty interest" to be free from "keeplock" confinement for a period of 30 days, which he does not (see Point II, *infra*), he was afforded all due process at this hearing to which he was entitled.

The Supreme Court held that the requirements of due process are satisfied when there is some evidence which supports the decision by the hearing officer. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of witness credibility, or weighing of the evidence. "Instead, the relevant question is whether there is <u>any</u> evidence in the record that could support the conclusion reached by the disciplinary board" (emphasis added). An analysis of the record here indicates that there was sufficient evidence presented at the disciplinary proceeding for the Hearing Officer Caraceli to find the Plaintiff guilty of the charges against him.

Here, Plaintiff does not argue that he did not have advance notice of the charge or that he was unable to call witnesses. Instead, he asserts that there was "no evidence" to support a finding that he was guilty of possessing contraband, that a contraband receipt was not issued to him at the hearing after he had made a request for it and that he was not furnish certain log books he had requested, and that the hearing officer failed to provide a meaningful explanation to the Plaintiff regarding his guilty determination on the contraband charge.

**<u>Analysis of the May 14, 2008 Misbehavior Report Hearing</u>**

Plaintiff was charged with smuggling and possession of contraband, and the hearing officer found the Plaintiff not guilty on the smuggling charge but guilty of the charge of possession of contraband.

In regard to the Plaintiff's assertion that he was denied certain documents, such as a contraband receipt, he was advised that such a document is not issued under the circumstance presented here, such as where a misbehavior report is issued and the contraband items are itemized therein. Thus, Plaintiff is complaining about not receiving a document that DOCS was under no obligation to generate. <u>See</u> Casaceli Declaration, submitted herewith. In regard to the log books Plaintiff had requested, he requested the "Hall Captain's Log Book" for the months of

January, February, March, April and May 2008, which Plaintiff argued would purportedly show that he "left the second floor to go to (inaudible) to retrieve CD player from and brought it back to the room." See Exh. B., pg. 16 of June 9, 2008 hearing. The hearing officer denied Plaintiff's request for copies of those five months of log books, as he reasonable concluded that the log books would have no bearing on whether or not the Plaintiff possesses contraband or tried to smuggle contraband. Id., pg. 16.

In regard to the Plaintiff's assertion that there was "no evidence" to find him guilty of possession of contraband, the Plaintiff never denied that he had possession of contraband in his cell, and instead argued that it was not contraband because it had been presented to him by Hodges. It is also clear that the Plaintiff kept possession of the contraband for at least a few days before advising DOCS officials that he had possession of contraband in his cell. Thus, there is certainly some evidence in the record to support the hearing officer's conclusion that Plaintiff was guilty of possession of contraband. The hearing officer also relied on the testimony of several witnesses, including that of Cole himself. See Exh. A, bates-stamp 000009 (hearing officer relied on the misbehavior report of Sgt. Skelly, as well as the testimony of Sgt. Lambert, Sgt. Skelly, Inbestigator Hudson and the Plaintiff).

Based on the above, the Plaintiff's due process claim relative to the Tier III hearing conducted in connection with the May 14, 2008 misbehavior report must be dismissed as a matter of law.

## POINT II

### THE PLAINTIFF HAD NO LIBERTY INTEREST TO BE FREE FROM A 30 DAY PENALTY OF "KEEPLOCK"

The Plaintiff did not have a protected liberty interest to be free of a 30 day penalty of keeplock, which is a general population restrictive confinement which is less restrictive than being in the Special Housing Unit but more restrictive than that of a non-restricted general population inmate.  However, the Second Circuit held in Colon v. Howard, 215 F. 3d 227, 231-32 and n.5.  (2d Cir. 2000), that restrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and requires proof by a Plaintiff of conditions more severe than usual for other restrictive confinement inmates or proof that even a relatively brief confinement in keeplock was atypical for some reason.

Here, there are no allegations of atypicality by the Plaintiff in his Complaint, and there is no evidence in the record of any such condition.  Accordingly, the Plaintiff's due process claim can be dismissed for this reason alone.

## CONCLUSION

For the foregoing reasons, the Plaintiff's due process claim relative to his May 14, 2008 misbehavior report must be dismissed against the Defendants, and their cross-motion should be granted.

Dated: December 17, 2009

                                                s/Michael J. Russo
MICHAEL J. RUSSO
Assistant Attorney General,
 of Counsel
300 Main Street, Suite 300A
Buffalo, New York  14202
(716) 853-8479
Michael.Russo@ooag.state.ny.us

```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONNIE COLE, 91-A-9212,

                Plaintiff,               08-CV-699A

      -vs-

FISCHER, KIRKPATRICK, SCHUMACHER,
STICH, VENETOZZI, BELLAMY,
SHRODER, SKELLY, MALLOY, MCGUIRE,
HODGES, MEHNERT, TROTTER and
NIXON,
                Defendants.
_____
```

CERTIFICATE OF SERVICE

    I hereby certify that on December 17, 2009, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system.

    And, I hereby certify that on December 17, 2009, I mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participant at the following address:

> Ronnie Cole, 91-A-9212
> Mohawk Correctional Facility
> Walsh Regional Medical Unit
> 6100 School Road
> P.O. Box 8450
> Rome, NY 13442

>> ANDREW M. CUOMO
>> Attorney General of the
>>    State of New York
>> Attorney for Defendants
>> BY:
>>  s/ Michael J. Russo
>> MICHAEL J. RUSSO
>> Assistant Attorney General
>>     of Counsel
>> NYS Office of the Attorney General
>> 350 Main Street, Suite 300A
>> Buffalo, New York 14202
>> (716) 853-8479
>> Michael.Russo@oag.state.ny.us