UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Ronnie Cole,

                      Plaintiff,                **Hon. Hugh B. Scott**

                                              08CV699
                    v.

                                              **Order**

Brian Fisher et al.,

                      Defendants.
_____

Before the Court are the plaintiff's motion for the appointment of counsel (Docket No. 101) and the plaintiff's motion for an extension of time to respond to the pending motions (Docket No. 104).

**Motion for Appointment of Counsel**

The plaintiff has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e). (Docket No. 101). There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following: (1) Whether the indigent's claims seem likely to be of

1

substance; (2) Whether the indigent is able to investigate the crucial facts concerning his claim; (3) Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) Whether the legal issues involved are complex; and (5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); *see also* Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir.2001); Abdur-Raqiyb v. Erie County Medical Center, 2006 WL 1800710, at *1 (W.D.N.Y.,2006).

The Court has reviewed the facts presented herein in light of the factors required by law as discussed above. The record reflects that the legal issues presented are not unduly complex and that the plaintiff can adequately prosecute his claim *pro se*. Based on this review, plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**Motion for Extension of Time to Respond**

The various defendants have moved for summary judgment in this matter (Docket No. 94 and 95). By Order dated December 28, 2009, the Court directed that the plaintiff respond to the motions by January 22, 2010. Although the plaintiff was under the mistaken impression that his responses were due on January 7, 2010, the plaintiff now seeks additional time to respond. (Docket No. 104). **The plaintiff shall respond to the motion by February 12, 2010. The defendants may file a reply, if any, by February 26, 2010.** The motion will be deemed submitted without oral argument unless otherwise determined upon review of the papers.

2

The plaintiff is reminded that the motions seek to dismiss all or a portion of the plaintiff's complaint. **IF THE PLAINTIFF FAILS TO RESPOND TO THE MOTION, THE CLAIMS AGAINST THESE DEFENDANTS MAY BE DISMISSED FOR FAILURE TO PROSECUTE.** For further instructions please see the attached notice pursuant to Irby v. New York City Transit Authority, 262 F 3d 412 (2d Cr 2001).

So Ordered.

                                                                                         */s/ Hugh B. Scott*
                                                           United States Magistrate Judge
                                                           Western District of New York

Buffalo, New York
January 7, 2010

Revised 09/01 W.D.N.Y.

Revised 09/01 W.D.N.Y.

# RULE 56 MOTIONS FOR SUMMARY JUDGMENT - <u>IRBY</u> NOTICE
(See <u>Irby v. New York City Transit Authority</u>, 262 F 3d 412 (2d Cr 2001))

A party in your lawsuit has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which means that summary judgment will be granted if the Court finds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## Failure to Respond to A Motion For Summary Judgment May Result in The Grant of Judgment in Favor of The Party Seeking Summary Judgment and The Dismissal of All or Part of The Case.

### Opposing Affidavits and Exhibits

Therefore, if the motion seeks summary judgment against you, you **MUST** submit opposing papers in the form of one or more affidavits (or affirmations) made upon the personal knowledge of the person signing each affidavit. Each affidavit must set forth admissible facts and must show that the person submitting that affidavit is competent to testify as to the matters stated therein (because he or she has personal knowledge of the facts set forth in the affidavit). If you wish to submit exhibits in opposition to the motion, you may attach to the affidavit (or submit separately) sworn or certified copies or all papers or parts thereof which are referred to in an affidavit.

### Statement of Material Facts Requiring a Trial

If the motion seeks summary judgment against you, you **MUST** also submit a <u>separate</u>, short, and concise statement of the material facts as to which you contend there exists a genuine issue which must be tried. *See* Rule 56 of the Local Rules of Civil Procedure (available on the Western District web site at www.nywd.uscourts.gov). Note that all of the material facts which have been set forth in the statement served on you by the moving party (which that party claims are material facts about which there is no genuine issue to be tried) <u>will be deemed to have been admitted by you unless you controvert the facts in your statement of material facts presenting a genuine issue requiring a trial.</u>

### Memorandum of Law

If the motion seeks summary judgment against you, you **MUST** also submit a <u>separate</u> answering memorandum of law, Local Rule 7.1(e), which may not exceed 25 pages in length without prior approval of the Court, Local Rule 7.1(f). Failure to comply may result in the motion being decided against the noncomplying party

**NOTE:** If you are the party bringing the summary judgment motion, you may file reply papers ONLY if you state on the notice of motion that you wish to do so and/or if the court order scheduling the motion gives you the opportunity for doing so. See Local Rules of Civil Procedure Rule 7.1(c).